IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. KIMBERLY HACKMANN-QUILLMAN, ) | |
| ) | |
| *Plaintiff*, ) | Case No.: 14-CV-763-TCK-PJC |
| ) | |
| v. ) | ATTORNEY LIEN CLAIMED |
| ) | FOR THE FIRM |
| 1. FAMILY SMILES DENTISTRY, P.L.L.C., ) | |
| d/b/a SUPER SMILES a domestic limited ) | JURY TRIAL DEMANDED |
| liability company, ) | |
| ) | |
| *Defendant.* ) | |

## COMPLAINT

**COMES NOW**, Plaintiff, Kimberly Hackmann-Quillman ("Plaintiff"), by and through her attorney of record, Charles C. Vaught of *Armstrong & Vaught, P.L.C.*, and hereby submits the following complaint against Defendant, Family Smiles Dentistry, P.L.L.C. d/b/a Super Smiles, ("Defendant"), and hereby alleges and states as follows: This action seeks declaratory relief, actual, compensatory, liquidated and punitive damages, costs and attorney fees, for violations of the Pregnancy Discrimination Act ("PDA"), as amended, 42 U.S.C.A. § 2000e(k) and Oklahoma law by Defendant.

## JURISDICTION

1. Jurisdiction over the parties and subject matter of this action lies properly within the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(b) because the actions and/or omissions giving rise to this cause of action occurred within this judicial district.

1

2. This action arises under the Pregnancy Discrimination Act ("PDA"), as amended 42 U.S.C.A. § 2000e(k) and the Oklahoma Protection of Labor Act ("OPLA"), as amended 40 Okla. Stat. Ann. §§ 165.1, *et. seq*.

3. Pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b), this Court has jurisdiction over the parties and the subject matter of this action because it arises under the Constitution and law of the United States of America.

4. Declaratory, equitable, compensatory and punitive damages are sought pursuant to 42 U.S.C. § 12117. Liquidated damages are sought pursuant to 40 Okla. Stat. Ann. §§ 165.1, *et. seq.*

5. Costs and attorney fees are sought pursuant to Rule 54 of the Federal Rules of Civil Procedure and the aforementioned statutes.

6. At all times relevant to this cause of action, Plaintiff resided within Tulsa, Tulsa County, State of Oklahoma.

7. At all times relevant to this cause of action, Defendant was a domestic limited liability company conducting business and maintaining minimum contacts to the Northern District of Oklahoma.

8. At all times relevant to this cause of action, Defendant was an "employer" as defined by the PDA in that Defendant employed in excess of fifteen (15) employees, during each of the twenty (20) or more calendar workweeks in the current preceding calendar year.

9. At all times relevant to this cause of action, Defendant was an "employee" as defined by the PDA.

10. At all times relevant to this cause of action, Defendant was an "employer" as defined in 40 Okla. Stat. Ann. §§ 165.1, *et. seq*.

11. At all times relevant to this cause of action, Plaintiff was not an "exempt employee" as defined in 40 Okla. Stat. Ann. §§ 165.1, *et. seq*.

## OPERATIVE FACTS

12. On or about June 12, 2013, Plaintiff became employed with Defendant.

13. On or about June 19, 2013, Plaintiff informed her supervisor, Christy Scholes ("Scholes"), that she was pregnant. During the conversation, Scholes inquired into the status of Plaintiff pregnancy and as to whether Plaintiff expected complications.

14. On or about June 20, 2013, Scholes asked Plaintiff to meet in Scholes' office. During the meeting, Scholes informed Plaintiff that she was terminated. When Plaintiff asked what was the basis of her termination, Scholes claimed that it was as a result of Plaintiff's "poor attitude."

15. Plaintiff was not, and has not, been compensated for any hours worked prior to her termination.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT

16. Plaintiff re-alleges and incorporates the above paragraphs as though fully set forth herein and further states:

17. Plaintiff was subjected to discrimination, including but not limited to wrongful termination, and the motivating reason for the discrimination was her pregnancy.

18. By and through, but not limited to, the events described herein, Plaintiff's terms and conditions of employment were adversely affected by the discrimination directed towards her as a result of her employment.

19. By and through, but not limited to, the events described herein, Defendant violated the Pregnancy Discrimination Act, as amended, 42 U.S.C. § 2000e(k).

20. As a direct and proximate cause of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation and other pecuniary losses.

21. Defendant's actions were willful, intentional and recklessly indifferent towards Plaintiff's rights, thus warranting the awards of punitive damages.

22. Plaintiff has been injured by this discrimination, and is entitled to compensatory and punitive damages under the PDA.

**WHEREFORE**, Plaintiff prays that Defendant appear and answer this Complaint and that this Court declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights, enjoin Defendant from engaging in such conduct, enter a judgment for Plaintiff in an amount in excess of $100,000.00, plus interest, costs, attorney fees and punitive damages, order Plaintiff reinstated into her former position or receive front pay in lieu thereof, and grant such other relief as the Court deems just, equitable and proper.

## COUNT II
### RECOVERY OF UNPAID WAGES UNDER 40 OKLA. STAT. ANN. §§ 165.1, *ET. SEQ.*

23. Plaintiff incorporates and re-alleges the above paragraphs as though fully set forth herein and further states:

24. At all times relevant to this cause of action, 40 Okla. Stat. Ann. §§ 165.1, *et. seq*. required and employer to compensate an employee for all wages due, other than to "exempt employees."

25. At all times relevant to this cause of action, 40 Okla. Stat. Ann. §§ 165.1, *et. seq*. defined an "exempt employee" as "those management level employee exempt under the provisions of Section 213 of the FLSA [Fair Labor Standards Act], 29 U.S.C. § 213, from the provision of Section 206 and 207 of said Act."

26. Defendant failed to compensate Plaintiff for all wages due upon her termination.

27. The aforementioned refusal was a willful, direct and intentional violation of 40 Okla. Stat. Ann. §§ 165.1, *et. seq*.

28. As a direct and proximate result of Defendant's willful violation of 40 Okla. Stat. Ann. §§ 165.1, *et. seq*., Plaintiff has suffered, and continues to suffer, loss of income in an amount of $2500.00.

29. Pursuant to 40 Okla. Stat. Ann. §§ 165.9, Plaintiff is entitled to liquidated damages for Defendant's failure to pay wages, costs and fess of any nature; and reasonable attorney fees for bringing this action.

**WHEREFORE**, premises considered, Plaintiff prays that the Defendant appear and answer this Petition, and that this Court declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights, enjoin Defendant from engaging in such conduct, enter a judgment for Plaintiff in an amount in excess of $2500.00, plus interest, costs and attorney fees, award Plaintiff liquidated damages, reasonable attorney fees and costs for bringing this action, and grant Plaintiff such other and further relief as this Court may deem just, equitable and proper.

        Respectfully submitted,

        */s/ Charles C. Vaught*
        **Charles C. Vaught, OBA #19962**
        Armstrong & Vaught, P.L.C.
        2727 East 21st Street, Suite 505
        Tulsa, OK 74104
        918-582-2500 *Telephone*
        918-583-1755 *Facsimile*
        ***Attorney for Plaintiff***